# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## CLEO HENDERSON v. DWIGHT BARBEE, WARDEN

### Appeal from the Circuit Court for Lauderdale County
### No. 6608   Joe H. Walker, III, Judge

### No. W2012-02051-CCA-R3-HC  - Filed April 2, 2013

The Petitioner, Cleo Henderson, appeals the Circuit Court of Lauderdale County's denial of his pro se petition for writ of habeas corpus. The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

CAMILLE R. MCMULLEN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

Cleo Henderson, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel E. Willis, Senior Counsel, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

A Shelby County jury convicted the Petitioner of second degree murder, and the trial court sentenced him to forty years as a violent offender at 100%. The Petitioner has appealed the conviction, and the appeal is currently pending before this court.

On September 19, 2012, the Petitioner filed a petition for writ of habeas corpus claiming that his conviction was void due to inadequacies in the warrant and affidavit of complaint. On September 21, 2012, the trial court entered an order denying the petition. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is *facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity*. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The Petitioner's claim that the indictment was based upon a defective affidavit of complaint and warrant is without merit. See George T. Haynie, Jr. v. Ricky Bell, No. M2006-02752-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 486, at *9 (Tenn. Crim. App., at Nashville, June 22, 2007). Even if the affidavit of complain and arrest warrant were invalid, the invalidity would not prevent a valid judgment of conviction from being obtained. Id. The finding of an indictment forecloses all questions regarding the sufficiency of a warrant. Jones v. State, 332 S.W.2d 662, 677 (Tenn. 1960). The Tennessee Supreme Court

has stated that

> it would be a miscarriage of justice to hold that when the probability of the commission of a crime has been called to the attention of the grand jury by either a defective or even a void warrant, the grand jury would be powerless to investigate the situation further and to find a valid indictment for whatever offense or offenses their investigation might develop.

Id. The Petitioner has failed to establish that his judgment of conviction is void, and he, therefore, is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE